**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ZINSHENG ZHU, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | No. 20 C 4352 |
| | ) | |
| NATIONAL CREDIT SYSTEMS, INC., | ) | Judge Virginia M. Kendall |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## ORDER

On May 4, 2020, National Credit Systems, Inc. ("NCS") sent Jingsheng Zhu a debt collection letter. (Dkt. 1 at ¶ 15). The letter listed "Fifty One Zero Seven S Blackstone Ave Apts/ 5107-803" as the current creditor, which is a nonexistent legal entity. (*Id*. at ¶¶ 18–19). Zhu alleges this information confused him as to whom he allegedly owed the debt. (*Id*. at ¶ 24). On July 24, 2020, Zhu filed suit claiming NCS's letter violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Before the Court is Zhu's motion to voluntarily dismiss his complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). NCS argues dismissal should be with prejudice and conditioned on an award of attorney's fees. For the following reasons, Zhu's motion to dismiss [18] is granted without prejudice. NCS's request for fees is denied.

## DISCUSSION

### I.      Dismissal Without Prejudice

Under Federal Rule of Civil Procedure 41(a)(2), a court may, in its discretion, grant a plaintiff's request for voluntary dismissal if plaintiff "establish[es] that voluntary dismissal without prejudice is warranted." *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994). It is an abuse of discretion, however, to grant voluntary dismissal under Rule 41(a)(2) "where the defendant would suffer plain legal prejudice as a result." *Wojitas v. Capital Guardian Trust Co.*, 477 F.3d 924, 927 (7th Cir. 2007) (internal quotations and citation omitted). In evaluating whether dismissal without prejudice will prejudice the defendant, the Court should consider "'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.'" *Kunz v. DeFelice*, 538 F.3d 667, 678 (7th Cir. 2008) (quoting *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)). The Court need not resolve each factor "in favor of the moving party before dismissal is appropriate." *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988) (internal quotations and citation omitted).

1

On balance, a consideration of the *Pace* factors weighs in favor of dismissal without prejudice. First, while the parties have completed discovery, it has not been extensive or complex in nature. The parties only conducted initial disclosures and written discovery during which NCS turned over 42 pages of documents. (Dkt. 22 at 3). There have been no depositions or subpoenas issued, and NCS did not request discovery from Zhu. NCS admits "this is a relatively simple FDCPA matter—for which experts and extensive discovery is [sic] not necessary[,]" and maintains it is ready to file a dispositive motion. Thus, while NCS claims to have incurred $8,000 in costs and fees, it is unlikely that litigation in a different forum will require a significant amount of additional discovery or other expenses on NCS's part. Similarly, although the parties have completed a settlement conference, there is no indication that it required an extensive amount of effort or expense. Again, because NCS is ready to file a dispositive motion, it is unlikely the parties will need to reincur the expenses of settlement talks should Zhu refile his complaint.

Second, although Zhu waited seven months before moving to voluntarily dismiss, there is no evidence of undue delay on his part. After filing his complaint in July 2020, Zhu served limited written discovery on NCS in November 2020 and participated in settlement talks with NCS from December 14, 2020 to February 1, 2021. (Dkt. 1) (Dkt. 21 at 2). Zhu filed the present motion shortly thereafter on February 16, 2021. (Dkt. 18). A seven-month period, during which a plaintiff prosecutes his case and engages in good faith settlement efforts, is not the sort of delay condemned as prejudicial to a defendant. *See e.g.*, *Wollack v. Thomas Steel Corp.*, 937 F.2d 610 (7th Cir. 1991) (upholding denial of voluntary dismissal without prejudice in case pending for three years where delay was caused by "the less than forthright nature of the plaintiff's conduct in naming his expert and in supplementing his answers to the defendant's interrogatories[.]"); *Clear Skies Nevada, LLC v. Hancock*, No. 15 C 6708, 2017 WL 3642034, at *2 (N.D. Ill. Aug. 23, 2017) (denying voluntary dismissal without prejudice in case pending for two years where plaintiff failed to timely respond to discovery or communications from defense counsel and failed to diligently obtain discovery of her own).

Next, Zhu provides an adequate explanation for the need for voluntary dismissal: a change in Seventh Circuit caselaw regarding Article III standing. Zhu alleges NCS's letter violates § 1692g of the FDCPA which requires a debt collector to clearly state the name of the creditor on a dunning letter, and §§ 1692e and f, which prohibit unfair and deceptive debt collection practices. (Dkt. 1 at ¶¶ 31–33). Zhu claims he "suffered an informational injury since he was provided with false information regarding his rights and was confused by the letter since it did not state who the alleged creditor was." (*Id*. at ¶ 34). In July 2020, when Zhu filed his complaint, it was clear that a bare violation of the FDCPA's procedural obligations under § 1692g is insufficient to confer Article III standing. *See Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 334 (7th Cir. 2019); *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). Courts interpreting *Casillas* drew a distinction, however, between the procedural obligations of § 1692g and the substantive obligations of §§ 1692e and f, finding that allegations of being deceived or misled under the latter sections were sufficient to confer standing. *See e.g.*, *Pierre v. Midland Credit Mgmt., Inc.*, No. 16 C 2895, 2019 WL 4059154, at *3 (N.D. Ill. Aug. 28, 2019) (finding plaintiff had Article III standing and distinguishing *Casillas* because "this case concerns not an incomplete letter, but a deceptive letter" under § 1692e); *Africano-Domingo v. Miller & Steeno*, P.C., No. 19 CV 401, 2020 WL 247377, at *3 (N.D. Ill. Jan. 16, 2020) (plaintiff had Article III standing where plaintiff

2

challenged dunning letter as deceptive); *Sykes v. Veripro Sols., Inc.*, No. 19-CV-7897, 2020 WL 4926547, at *3 (N.D. Ill. Aug. 21, 2020) (plaintiff had Article III standing because he "does not simply allege that he was deprived of notice of statutory rights but affirmatively asserts that the [dunning] letter was deceptive and misleading" under § 1692e.); *Gomez v. Cavalry Portfolio Servs., LLC*, 962 F.3d 963, 966 (7th Cir. 2020) (recognizing that "some decisions of this and other appellate courts have found, or assumed, that standing exists when the dunning letter allegedly violates § 1692e."). Thus, at the time Zhu filed his complaint, it was plausible he had Article III standing because he claimed NCS's letter was unfair and deceptive under §§ 1692e and f.

In December 2020, however, the Seventh Circuit eliminated the distinction between procedural and substantive violations of the FDCPA and held that "[a]n FDCPA plaintiff must allege a concrete injury regardless of whether the alleged statutory violation is characterized as procedural or substantive." *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1066 (7th Cir. 2020). In subsequent decisions, it became clear that mere confusion by a letter that violates the FDCPA, even one alleged to be deceptive, is insufficient to establish an injury in fact for Article III standing purposes. *See e.g.*, *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1068 (7th Cir. 2020); *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069, 1071 (7th Cir. 2020); *Nettles v. Midland Funding LLC*, 983 F.3d 896, 899–900 (7th Cir. 2020); *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 280–81(7th Cir. 2020). Recognizing that he now lacked standing, Zhu promptly moved to voluntarily dismiss his complaint. Zhu's motion raises an important question: if a plaintiff cannot voluntarily dismiss his case without prejudice when there is a change in law, what is he to do? Dismissing Zhu's case with prejudice would effectively punish him for changes outside his control.

Finally, NCS has prepared, but not yet filed, a summary judgment motion. NCS agrees, however, that Zhu lacks Article III standing. Thus, even if the Court had considered the summary judgment motion, because Article III is a jurisdictional issue, the Court would not have reached the merits of NCS's motion. Hence, dismissal without prejudice would not deprive NCS of a dispositive ruling on the merits. Moreover, the Court's dismissal for lack of subject matter jurisdiction would likely have been without prejudice. *See El v. AmeriCredit Financial Servs., Inc.*, 710 F.3d 748, 751 (7th Cir. 2013) ("Dismissals because of absence of federal jurisdiction ordinarily are without prejudice[.]").

Zhu diligently prosecuted this case for seven months, seeking limited discovery and participating in settlement talks, until it became clear he lacked Article III standing due to a change in law. Under these circumstances, Zhu has demonstrated that voluntarily dismissal without prejudice is warranted and there is no indication that NCS will suffer plain legal prejudice as a result. Zhu's motion for dismissal under Rule 41(a)(2) is granted without prejudice.

## II.     Attorney's Fees

Dismissal may be granted under Rule 41(a)(2) "on terms that the court considers proper[,]" including the payment of attorney's fees to defendant. *Cauley v. Wilson*, 754 F.2d 769, 771 (7th Cir. 1985). While "dismissals without prejudice are usually granted only if the plaintiff pays expenses incurred by the defendant in defending the suit up to that point[,]" *Babcock v. McDaniel*, 148 F.3d 797, 799 (7th Cir. 1998), because voluntarily dismissal in this case is sought due to a

3

change in law, the Court, in its discretion, declines to impose such a condition. Zhu filed the case in good faith and should not be penalized for changes out of his control. Moreover, fee awards are limited to "expenses incurred in preparing work product that will not be useful in subsequent litigation of the same claim." *Cauley*, 754 F.2d at 772. The actions NCS has taken to defend the case thus far will be useful in defending the case further in a different forum. NCS already has the discovery it needs to file a dispositive motion and there is no indication that the same expenses will be reincurred.

**CONCLUSION**

For the foregoing reasons, Zhu's motion to dismiss [18] is granted. Zhu's complaint is dismissed without prejudice. NCS's request for attorney's fees is denied.

Virginia M. Kendall
United States District Judge

Date: May 12, 2021

4